**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE, DIVISION**
**CASE NO.: 25-60435-CIV-SMITH/HUNT**

KEENAN HOLDEN,

    Plaintiff,

v.

SYSTEMS & SERVICES TECHNOLOGIES, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC., and EQUIFAX
INFORMATION SERVICES, LLC.,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION ON MOTION TO STAY AND COMPEL ARBITRATION**

**COMES NOW**, Plaintiff, KEENAN HOLDEN ("Plaintiff"), by and through the undersigned counsel, and hereby files this Response in Opposition to Defendant's, SYSTEMS & SERVICES TECHNOLOGIES, INC. ("SST"), Objection to Report and Recommendation on Motion to Stay and Compel Arbitration ("Objection"), and in support thereof, states as follows:

**Preliminary Statement**

1.    The narrow issue for the Court was whether or not SST had waived or had defaulted their right to arbitrate the matter. The issue before the Court here is whether or not Magistrate Jude Hunt erred in his finding that SST defaulted in their right to compel arbitration following prior noncompliance with the AAA's policies, procedures, and protocols, and failure to provide alternative arbitrator's to Plaintiff.

2. While SST argues that Magistrate Judge Hunt disregarded the arbitration clause's provision to allow an alternative arbitrator if the AAA is unavailable or unwilling to administer the arbitration, this is inaccurate and misleading.

3. Not only did Magistrate Judge Hunt discuss this issue at length, but the AAA is not unavailable or unwilling to administer the arbitration, but rather, due to SST's noncompliance with the AAA's policies and procedures, the AAA was unable to administer the arbitration.

4. Additionally, following their noncompliance, SST did not and has not provided potential alternative arbitrators.

5. As such, SST has defaulted on their right to seek the matter be resolved through arbitration.

**Background**

6. Prior to the instant lawsuit, Plaintiff had filed various complaints with SST and the other named Defendants regarding disputes related to inaccuracies on his credit report.

7. Thereafter, on or about November 13, 2024, Plaintiff submitted a demand to arbitrate to the American Arbitration Association ("AAA"), which was assigned case number 01-24-0008-7051, with a case style of Keenan Holden v. Systems & Services Technology, Inc. [DE 17-1, Page 3].

8. In response to Plaintiff's demand to arbitrate AAA responded via formal written correspondence, prior to the filing of the demand to arbitrate, SST had failed to comply with AAA's policies regarding consumer claims set forth in the Consumer Due Process Protocol and Consumer Arbitration Rules, including the Costs of Arbitration, and/or removing themselves from the Consumer Clause Registry, and therefore, AAA declined to administer this claim and any other

claims between this business (SST) and its consumers. As such, AAA was closing the file. [DE 17-1, Exhibit 3, Page 1].

9. On February 14, 2025, Plaintiff filed the instant lawsuit. Prior to and since the filing of the lawsuit, SST has at no point provided alternative arbitrators, nor took any actions to become compliant with the AAA's policies, procedures, protocols, and/or registered for the Consumer Clause Registry.

10. On March 10, 2025, after removing the matter to the Southern District of Florida, in response to the Complaint, SST filed a Motion to Stay and Compel Arbitration ("Motion"). [DE 13].

11. Thereafter, on March 21, 2025, in response to same, Plaintiff filed a Response in Opposition to Defendant's Motion to Stay and Compel Arbitration ("Response"). [DE 17]. To which, SST filed a Reply in Support of Motion to Stay and Compel Arbitration on March 26, 2025. [DE 19].

12. On May 20, 2025, the Parties appeared before the Honorable Magistrate Judge Patrick M. Hunt. At such time, the Court had been apprised to Defendant's (SST's) Motion, Plaintiff's Response, and Defendant's (SST's) Reply, and heard argument of counsel.

13. On July 22, 2025, the Honorable Magistrate Judge Patrick M. Hunt issued his Report and Recommendation to deny SST's Motion. [DE 36].

14. For the reasons stated herein, this Court must reject SST's Objection, uphold the Report and Recommendation, and enter an order in accordance with the findings and recommendations of the Magistrate Judge.

**Legal Standard**

15. The Court reviews *de novo* any part of a Magistrate Judge's Report and Recommendation to which a party objects. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

**Argument**

16. SST's sole argument and reason for objecting to the Magistrate Judge's Report and Recommendation is "because it ignores the alternative arbitration requirement." *See* SST's Objections to Report and Recommendation on Motion to Stay and Compel Arbitration ("Objection"). [DE 37, Page 4].

17. However, this is not accurate. In fact, Magistrate Judge Hunt discussed the alternative arbitration clause within the Loan Agreement at length, and ultimately found that by SST's own actions, or lack thereof, they had defaulted in requiring arbitration. [DE 36, Pages 9-11].

18. SST further argues that the arbitration clause is valid and must be enforced. However, this was not the issue before the Court. The narrow issue before the Court was whether or not SST had waived their right to compel arbitration at this time, i.e., whether they had defaulted on that right due to their actions/inactions.

19. Magistrate Judge Hunt cites to *Bedgood v. Wyndham Vacation Resorts, Inc.*, 88 F.4th 1355 (11th Cir. 2023) and *Merritt Island Woodwerx, LLC v. Space Coast Credit Union*, 137 F.4th 1268 (11th Cir. 2025) in support of his findings of SST's default [DE 36, Page 7].

20. In determining SST's default, Magistrate Judge Hunt notes that SST has not registered the consumer dispute resolution clause in the Consumer Clause Registry and has not provided the notification of Costs of Arbitration. [DE 36, Page 5].

21. Additionally, Magistrate Judge Hunt notes that while SST argues that the arbitration provision in question belongs to Seedfi, not SST, and therefore SST's provisions are not at issue in the arbitration, SST is the successor in interest. *Id.*

22. Furthermore, while SST argues that the AAA has not been clear on what deficiencies SST has in relation to SeedFi's arbitration clause, or why it found a deficiency, SST has made no representation that it has made any efforts for confirm with the AAA what information is needed for the AAA to administer the arbitration, or that SST has resolved the deficiencies in compliance with the AAA policies. *Id.*

23. Magistrate Judge Hunt further notes that similarly to Bedgood and Merritt Island Woodwerx, LLC., the Defendant in those matters relied on the FAA, Section 3, in arguing that the Court can stay litigation and compel the parties to arbitration. [DE 36, Page 7]. Magistrate Judge Hunt further notes, however, that the FAA does not confer a right to compel arbitration in any dispute, and therefore, SST cannot properly request the relief requested if it is in default with the arbitration proceedings. [DE 36, Page 8].

24. In accordance with Bedgood and Merritt Island Woodwerx, LLC., Magistrate Judge Hunt looked to the totality of the circumstances to determine if SST has acted inconsistently with the arbitration right, and whether SST has been neglectful in the arbitration proceedings. [DE 36, Page 8].

25. Both Bedgood and Merritt Island Woodwerx, LLC. provide that noncompliance with the named arbitration administers policies is a default of the right to arbitrate. [DE 36, Page 9]. In both cases, similarly to the case at hand, the Party seeking to enforce the arbitration clause had not made any efforts to comply with the policies and procedures of the administrator. [DE 36, Page 9].

26. Additionally, Magistrate Judge Hunt notes that the Eleventh Circuit has made clear that post-filing conduct in an attempt to cure the prior noncompliance does not remedy the prior noncompliance. [DE 36, Page 10].

27. Magistrate Judge Hunt goes on to point out that the appointment of a substitute arbitrator, which SST argues is the proper resolution in the event the AAA will not agree to administer the arbitration, would not cure the prior noncompliance of SST; and even if it would, SST has failed to advise or provide any evidence that they have previously provided options of alternative arbitrators. [DE 36, Page 10].

28. It is important to note that the Loan Agreement also provides that "Payment of all filing, administration, and arbitrator fees (collectively, the "Arbitration Fees") will be governed by the AAA Rules, unless otherwise provided in this Arbitration Provision." [DE 17-1, Page 7 of Exhibit 1]. As discussed by Magistrate Judge Hunt, SST has not taken any action to comply with the AAA's policies and procedures, including payment of the arbitration fee.

29. As discussed by Magistrate Judge Hunt, in accordance with Merrit Island Woodwerx, LLC., failing to take the necessary steps for arbitration, including paying the associated fee (and/or, in this case, other requirements as outline by the AAA's policies and procedures), is acting inconsistently with SST's contractual right to arbitrate, thereby defaulting their right to seek arbitration now be compelled.

30. SST argues that they did in fact reach out to Plaintiff regarding alternative arbitrators. However, this argument is misleading. Looking to DE 37-2, Page 4, SST inquired "whether [Plaintiff] w[ould] agree to arbitration," and DE 37-1, Page 1 and Page 5, threatens to seek attorney's fees and costs and references the arbitration clause, but again, does not provide any options for alternative arbitrators.

31. Additionally, SST acknowledged that the arbitration clause provides for arbitration to occur under the American Arbitration Association ("the AAA") and acknowledges that the AAA refused to arbitrate the matter, persisting that arbitration is required, but again, does not provide any potential alternative arbitrators. [DE 37-1, Pages 1-5].

32. It is important to note that correspondence, DE 37-1 and DE 37-2, took place post-filing of the instant lawsuit. It should also be noted that the instant lawsuit was not filed until almost three (3) months after the demand to arbitrate was submitted to the AAA, and over one (1) month after receipt of the letter from the AAA advising that it refused to administer the arbitration due to SST's failure to comply with the AAA's policies and procedures.

33. SST cites to *Kaspers v. Comcast Corp.,* 631 F. App'x 779, 783 (11th Cir. 2015) in asserting that this Court must reject the Report and Recommendation [DE 36] and compel the parties resolve this matter through arbitration.

34. However, in Kaspers, Mr. Kaspers did not argue that Comcast had waived their right to seek arbitration, or that Comcast had defaulted and was unable to seek arbitration. Rather, Mr. Kaspers asserted that the agreement was invalid and unenforceable, unconscionable and in violation of public policy.

35. Here, Mr. Holden does not argue that the Loan Agreement is invalid and/or unenforceable and is unconscionable and/or in violation of public policy, but rather, that due to SST's actions, or lack thereof, SST has waived their right and defaulted, preventing them from now seeking resolution through arbitration.

36. Accordingly, Magistrate Judge Hunt was correct in finding that SST has defaulted and cannot seek for arbitration to be compelled, and the Report and Recommendation must be accepted.

**Conclusion**

37. Based upon the above and foregoing, it is clear that due to SST's inactions and failure to comply with the AAA's policies and procedures, that they have acted inconsistently with the arbitration clause, and have defaulted their right to seek this action be stayed and the matter be compelled to arbitration.

38. As such, this Court must accept the Magistrate's Report and Recommendation, denying SST's Motion to Stay and Compel Arbitration.

Dated: August 19, 2025.                    Respectfully submitted,

*/s/ Samantha Wood*
**ETHAN B. BABB, ESQUIRE**
Florida Bar No. 127488
Email: ebabb@babblaw.com
Secondary: kschofield@babblaw.com
**SAMANTHA R. WOOD, ESQ.**
Florida Bar No.: 1003177
Email: swood@babblaw.com
Secondary: cthompson@babblaw.com
**ETHAN BABB LAW FIRM**
6013 Farcenda Place, Suite 101
Melbourne, FL 32940
Phone: (321) 529-2222
Fax: (321) 529-2929
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 19, 2025, the foregoing was electronically filed with the Clerk of the Court using CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Samantha Wood*
**SAMANTHA R. WOOD, ESQUIRE**
Florida Bar No. 1003177